UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JEFFREY D. BROOKS,<br><br>Defendant. | CASE NO. CR19-147RSM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on the Motion for Compassionate Release filed by Defendant Jeffrey D. Brooks. Dkt. #32. Mr. Brooks, an inmate at the Clallam Bay Correctional Facility, moves for a reduction in his custodial sentence to time served. *Id.* at 1. Mr. Brooks has tested positive for COVID-19 and makes this request due to his risk of medical complications.

On November 15, 2019, Mr. Brooks was sentenced to 48 months, to run concurrently with a 90-month-long state sentence in case number 16-1-04636-0 KNT. Because his federal sentence would expire before his state sentence expired, Bureau of Prisons authorities returned Mr. Brooks to state custody to serve the remainder of his 90-month long state sentence. Defense counsel estimates Mr. Brooks' sentence will expire on October 26, 2023. *Id.* at 3.

Mr. Brooks received a Moderna COVID-19 vaccine in March of 2021. Dkt. #33-5.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

On May 26, 2021, "in anticipation of a potential compassionate release motion," Defense counsel submitted a request to the Bureau of Prisons on Mr. Brooks' behalf. *Id*. The Bureau of Prisons denied that request because he was in the custody of the Washington State Department of Corrections. Dkt. #33-1.

On September 16, 2021, Mr. Brooks contacted counsel to state that he had contracted COVID-19 at the Clallam Bay Correctional Facility. Because he was previously vaccinated, the parties refer to this as a "breakthrough" infection.

Mr. Brooks is 51 years old. His Motion focuses on his underlying health conditions—obesity, hypertension, diabetes, and heart disease—which place him at an increased risk of complications from COVID-19. *Id*. at 4. However, the Motion glosses over the symptoms he is currently experiencing. *See id.* ("he… is experiencing symptoms."). The reply brief, submitted four days after the Motion, fails to inform the Court of any new symptoms justifying release from custody. *See* Dkt. #36. The Motion also states: "Although Mr. Brooks, an African-American man, awaits a screening to rule out colorectal cancer, the fact that his DOC doctors appear concerned enough to order additional tests alone, presents an additional extraordinary and compelling reason to grant Mr. Brooks compassionate release." Dkt. #32 at 5.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons,
> *or upon motion of the defendant after the defendant has fully*

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

*exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Sentencing Commission offers guidance on medical conditions that may warrant compassionate release. Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

(A) Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III)

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

> experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1(A).

Faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19. *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (collecting cases). Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors. *Id.*

The Court finds that Mr. Brooks has exhausted his administrative remedies and therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

The Court finds that Mr. Brooks has received a Moderna vaccination for COVID-19 and has a breakthrough infection. Because Mr. Brooks has failed to inform the Court of *any* symptoms he is experiencing, the Court is left to assume that he is currently managing his symptoms and receiving adequate medical care for those symptoms. The Court agrees with the Government that reports from the CDC indicate the risk of death or serious health issues from breakthrough infections is far below that caused by infections in unvaccinated individuals. *See* Dkt. #35 at 6. As such, the infection fails to constitute an extraordinary and compelling reason for compassionate release. He has failed to present sufficient evidence of a heightened risk of reinfection. Mr. Brooks has failed to convince the Court that a screening for colorectal cancer has any bearing on this Motion. Medical records indicate he is adequately managing his other health conditions while in prison.

Given all of the above, the Court finds no extraordinary and compelling reason to grant the requested relief and the Court need not proceed through Mr. Brooks' Section 3553 factors or any other considerations. Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkt. #32, is DENIED.

DATED this 28th day of September, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE